UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**United States of America**

    v.       Case No. 09-cr-186-PB-1
           Opinion No. 2024 DNH 100

**Patricio Paladin**

### ORDER

Patricio Paladin was convicted by a jury of one count of conspiracy to distribute and possess with intent to distribute cocaine, three counts of distribution of cocaine, and one count of possession with intent to distribute cocaine. Doc. 81 at 2. Because Paladin had two qualifying felony drug convictions, he was initially sentenced to a mandatory term of life in prison pursuant to 21 U.S.C. § 841(b)(1)(A). Doc. 87 at 16.

Congress amended § 841(b)(1)(A) in 2018 as a part of the First Step Act to reduce the mandatory minimum sentence for defendants with two qualifying convictions from life to twenty-five years. See Pub. L. No. 115-391, § 401(a)(2), 132 St. 5194, 5220 (2018). At the same time, it changed the trigger for the twenty-five-year mandatory minimum sentence from two "felony drug convictions" to two "serious drug felony" convictions. See United States v. Fields, 53 F.4th 1027, 1031 (6th Cir. 2022) (describing changes).

1

Paladin filed a compassionate release motion based on this change in the law, Doc. 113, which I granted. As a result, I reduced Paladin's sentence from life to twenty-five years, which is the sentence he is currently serving. Doc. 124.

Paladin recently filed a second motion for compassionate release citing another change in the law as a basis for a further sentence reduction. See Doc. 139. For the reasons explained below, I deny Paladin's motion.

## I. ANALYSIS

A court may grant a request for a sentence reduction brought by a defendant who has exhausted administrative remedies if:

> (1) there are extraordinary and compelling reasons that warrant a sentence reduction; (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable, the court finds, in its discretion, that the particular circumstances of the case justify reducing the defendant's sentence.

United States v. D'Angelo, 110 F.4th 42, 48 (1st Cir. 2024) (cleaned up); United States v. Ayala-Vázquez, 96 F.4th 1, 12-13 (1st Cir. 2024); United States v. Ruvalcaba, 26 F.4th 14, 18-19 (1st Cir. 2022). I determine whether these requirements have been met by bearing in mind "the holistic context" of the defendant's case. D'Angelo, 110 F.4th at 48.

A change in the law can be considered in determining whether extraordinary and compelling reasons exist under certain circumstances:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, [. . .] but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. 1B1.13(b)(6).

Paladin bases his current motion on the Supreme Court's recent decision in Erlinger v. United States, 602 U.S. 821 (2024). Erlinger held that prior convictions cannot be used to enhance a defendant's sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), unless a jury has found beyond a reasonable doubt that, as the statute requires, the convictions were committed on occasions different from one another. 602 U.S. at 835. Paladin contends that Erlinger also applies to sentencing enhancements based on § 841(b)(1)(A). He then claims that this change in the law qualifies as an extraordinary and compelling reason for an additional sentence reduction because it results in a gross sentencing disparity when his sentence is compared to the sentence that a comparable defendant would receive for the same conduct today.

This argument is hopelessly flawed even if I assume that Erlinger applies to sentencing enhancements imposed pursuant to § 841(b)(1)(A).

First, Erlinger is a procedural rule dealing with the process required to warrant a sentencing enhancement. Paladin cannot use a compassionate release motion to collaterally challenge the lawfulness of his sentence. See United States v. Trenkler, 47 F.4th 42, 48 (1st Cir. 2022) (noting the distinction between federal habeas relief and compassionate release). Thus, the appropriate comparator when determining whether Erlinger would result in a gross sentencing disparity is a comparable defendant who today has the same qualifying convictions as Paladin. Because that comparable defendant would be subject to the same mandatory minimum sentence that Paladin received, his gross disparity argument is a nonstarter.

More fundamentally, Paladin has failed to recognize that when I reduced his sentence from life to twenty-five years, I determined that I would have given him the same sentence even if he had not been subject to a mandatory minimum sentence. See Doc. 143 (imposing a twenty-five year sentence after "pay[ing] attention to and respect to what the guidelines would suggest is the appropriate sentence here"). Accordingly, because my sentencing judgment was not affected by the mandatory minimum sentence alone, Erlinger could not cause a defendant with the same "individualized circumstances" as Paladin to receive a lower sentence today than the sentence Paladin is now serving.

For the reasons set forth in this order, Paladin's motion for compassionate release, Doc. 139, is denied.

SO ORDERED.

                                           /s/ Paul J. Barbadoro
                                           Paul J. Barbadoro
                                           United States District Judge

November 21, 2024

cc:    Patricio Paladin, pro se
       U.S. Probation
       U.S. Marshal